| | |
|---|---|
| Denver County District Court<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: March 29, 2023 4:20 PM<br>FILING ID: 9555105A2269C<br>CASE NUMBER: 2023CV30947 |
| Plaintiff: Malinda Moore<br><br>v.<br><br>Defendant: Gary Felker and Knight-Swift Transportation Holdings, Inc | ▲COURT USE ONLY▲ |
| Counsel for the Plaintiff<br>Jennifer Torres, Reg. No. 48842<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Denver, CO 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail:  torresj@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

**THE PLAINTIFF**, Malinda Moore, by and through her undersigned counsel, complaining of the Defendant, alleges and says as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Malinda Moore (hereinafter "Plaintiff") is a citizen and resident of the State of Colorado.

2. Upon information and belief, Defendant Gary Felker (hereinafter "Defendant") is a citizen and resident of the State of Colorado.

3. Defendant Knight-Swift Transportation Holdings, Inc (hereinafter "Swift Transportation") is a business transacting business in Colorado with its principal place of business located at Po Box 29243, Phoenix, Arizona 85038.

4. Notice of Claim was timely filed pursuant to C.R.S. 24-10-109.

5. Venue is proper in this action pursuant to C.R.C.P. 98 (c).

# EXHIBIT A

6. The collision occurred on or about March 27, 2021

7. The collision occurred at the intersection of North Central Park Boulevard and East 36th Avenue.

8. Road conditions did not contribute to causing the collision.

9. At the time and location of the collision, there were no adverse weather conditions.

10. Weather conditions did not contribute to causing the collision.

11. At the time of the collision, Ms. Moore was driving a 2017 Volkswagen.

12. At the time of the collision, Defendant Felker was driving a 2021 Kenworth.

13. The vehicle driven by Defendant Felker was owned by Swift Transportation.

14. At the time of the crash, Defendant Felker was in the course and scope of his employment with Swift Transportation.

15. At the time of the crash, Defendant Felker did not have a commercial driver's license.

16. United States Department of Transportation Rules and Regulations applied to Defendant Felker at the time of the collision.

17. United States Department of Transportation Rules and Regulations applied to Defendant Swift Transportation at the time of the collision.

18. The Federal Motor Carrier Safety Administration Rules and Regulations applied to Defendant Felker at the time of the collision.

19. The Federal Motor Carrier Safety Administration Rules and Regulations applied to Defendant Swift Transportation at the time of the collision.

20. Colorado traffic rules and regulations applied to Defendant Felker at the time of the collision.

21. Colorado traffic rules and regulations applied to Swift Transportation at the time of the collision.

22. Prior to the collision, Plaintiff was traveling in the number 1 lane Northbound on North Central.

23. Prior to the collision, Defendant Felker was driving in the number 2 turn lane going

       Northbound on North Central.

24. At the time of the collision, Defendant Felker drove into Plaintiff's lane.

25. After the impact, Defendant Felker did not stop as required by law.

26. Defendant Felker continued North on North Central Park Boulevard.

27. Defendant Felker fled the scene of the crash.

28. Defendant Felker did not stop to provide the necessary information required by State Law.

29. Defendant Felker participated in a Hit and Run.

30. The crash would not have occurred but for Defendant Felker's negligent conduct.

31. As a result of the collision, the side of Plaintiff's 2017 Volkswagen. sustained damage.

32. The Denver Police Department responded to the collision.

33. Joshua Y Yballa, an officer with the Denver Police Department, investigated the collision.

34. Officer Yballa prepared the Traffic Accident Report for the collision.

35. Officer Yballa determined that Defendant failed to drive in a single lane.

36. Officer Yballa determined that Defendant violated C.R.S. § 42-4-1007, Failed to Drive in a Single Lane.

37. Officer Yballa issued a citation to Defendant for violating C.R.S. § 42-4-1007, Failed to Drive in a Single Lane.

38. Officer Yballa was not able to serve the citation since Defendant Felker was not present.

39. Defendant Felker failed to drive in a single lane.

40. Defendant Felker drove carelessly.

41. Defendant's careless driving caused bodily injury.

42. Defendant Felker violated C.R.S. § 42-4-1007, Failed to Drive in a Single Lane.

43. Defendant Felker should have been driving safely.

44. Defendant Felker failed to drive safely.

45. Defendant Felker should have been paying attention.

46. Defendant Felker failed to pay attention.

47. Defendant Felker failed to avoid causing a collision.

48. As a driver licensed in the State of Colorado, Defendant Felker was supposed to exercise a degree of care and caution which a reasonable and prudent person would have exercised under the same or similar circumstances.

49. Defendant Felker failed to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar circumstances.

50. Defendant Felker's conduct was negligent.

51. Plaintiff was not negligent at the time of the collision.

52. Plaintiff could not have avoided the collision.

53. Defendant Felker is at fault for causing the collision.

54. Defendant Felker is solely responsible for causing the collision.

55. At all relevant times, Defendant Felker had an obligation to keep a careful lookout for other traffic on the roadway.

56. At all relevant times, Defendant Felker had an obligation to see what was plainly visible.

57. At the time of the collision, Defendant Felker was required to follow all traffic rules and regulations in effect.

58. At the time of the collision, Defendant Felker operated the Kenworth Truck in disregard for the traffic regulations then in effect.

59. Defendant Felker's unreasonable acts immediately prior to the collision were in violation of his duty of reasonable care to Plaintiff Moore.

60. Defendant Felker's unreasonable acts immediately prior to the collision were in

       violation of his duty of reasonable care to other drivers on the road.

61. Defendant Felker's unreasonable conduct immediately prior to the time of the collision was sufficient to cause and did cause injury to Plaintiff Moore.

62. No third party contributed to this collision.

63. Upon impact, and as a result of the collision, Plaintiff sustained damage and injuries.

64. Plaintiff's injuries, losses, and damages were caused by Defendant Felker's negligence.

65. Plaintiff has not failed to mitigate her damages.

### FIRST CLAIM FOR RELIEF
**(Negligence against Defendant Gary Felker)**

66. Plaintiff incorporates all prior allegations as though fully set forth herein, verbatim.

67. The collision involving Plaintiff was caused by the negligence of Defendant Felker.

68. Defendant Felker had a duty to drive his vehicle with reasonable care under the circumstances then existing.

69. Defendant Felker owed a duty of reasonable care to his fellow drivers, including Plaintiff.

70. Defendant Felker breached his duty of care as more fully described above.

71. As a direct, proximately, and foreseeable result of Defendant Felker's negligence, Plaintiff suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanency and/or impairment in amounts to be determined at the time of trial.

### SECOND CLAIM FOR RELIEF
**(Negligence *Per Se* against Defendant Gary Felker)**

72. Plaintiff incorporates all prior allegations as though fully set forth herein, verbatim.

73. In the course of the motor vehicle collision described *supra*, Defendant violated C.R.S. § 42-4-1007, Failed to Drive in a Single Lane.

74. In the course of the motor vehicle collision described *supra*, Defendant violated C.R.S. § 42-4-1603, Hit and Run.

75. Plaintiff is a member of the class of persons which the aforementioned statue was intended to protect.

76. The purpose of the aforementioned statute is to protect against the type of injuries, losses, or damages that Plaintiff sustained.

77. The above-described actions of Defendant Felker constitute negligence *per se*.

78. As a direct, proximate, and foreseeable result of Defendant Felker's negligence per se, Plaintiff suffered injuries and damages more fully described *supra*.

**THIRD CLAIM FOR RELIEF**
*(Respondeat Superior Against Swift Transportation)*

1. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

2. Upon information and belief, at all times relevant, Defendant Felker was employed by and was acting within the course and scope of his employment, or had some other agency relationship, with Swift Transportation.

3. Pursuant to the doctrine of *respondeat superior*, Defendant Swift Transportation is legally liable and responsible for the acts and omissions of its employee, Defendant Felker which occurred while he was acting within the course and scope of his employment with Defendant Swift Transportation and is therefore legally liable and responsible for the injuries, damages and losses sustained by Plaintiff.

4. As a direct, proximate and foreseeable result of the negligence of Defendant Felker for which Defendant Swift Transportation is vicariously liable, Plaintiff suffered injuries, damages and losses as more fully described above.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment against Defendants and in her favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and other relief this Court deems just and proper.

Respectfully, submitted on March 29, 2023

                                              FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                              */s/ Jennifer Torres*
                                              Jennifer Torres, Reg. No. 48842

COUNSEL FOR PLAINTIFF

**Plaintiff's Address:**
4328 Del Rio Court
Denver, Colorado 80239

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by this parties or the Court upon request.*

| | |
|---|---|
| Denver County District Court<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: April 12, 2023 3:24 PM<br>FILING ID: A60068922A182<br>CASE NUMBER: 2023CV30947 |
| Plaintiff: Malinda Moore<br><br>v.<br><br>Defendant: Gary Felker and Swift Transportation Co. of Arizona, LLC | ▲COURT USE ONLY▲ |
| Counsel for the Plaintiff<br>Jennifer Torres, Reg. No. 48842<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Denver, CO 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail: torresj@fdazar.com | Case No. 2023CV030947<br><br>Division: |
| **SECOND AMENDED COMPLAINT** | |

  **THE PLAINTIFF**, Malinda Moore, by and through her undersigned counsel, complaining of the Defendant, alleges and says as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Malinda Moore (hereinafter "Plaintiff") is a citizen and resident of the State of Colorado.

2. Upon information and belief, Defendant Gary Felker (hereinafter "Defendant") is a citizen and resident of the State of Colorado.

3. Defendant Swift Transportation Co. of Arizona, LLC (hereinafter "Swift Transportation") is a business transacting business in Colorado with its principal place of business located at Po Box 29243, Phoenix, Arizona 85038.

4. Notice of Claim was timely filed pursuant to C.R.S. 24-10-109.

5. Venue is proper in this action pursuant to C.R.C.P. 98 (c).

# EXHIBIT A

6. The collision occurred on or about March 27, 2021

7. The collision occurred at the intersection of North Central Park Boulevard and East 36th Avenue.

8. Road conditions did not contribute to causing the collision.

9. At the time and location of the collision, there were no adverse weather conditions.

10. Weather conditions did not contribute to causing the collision.

11. At the time of the collision, Ms. Moore was driving a 2017 Volkswagen.

12. At the time of the collision, Defendant Felker was driving a 2021 Kenworth.

13. The vehicle driven by Defendant Felker was owned by Swift Transportation.

14. At the time of the crash, Defendant Felker was in the course and scope of his employment with Swift Transportation.

15. At the time of the crash, Defendant Felker did not have a commercial driver's license.

16. United States Department of Transportation Rules and Regulations applied to Defendant Felker at the time of the collision.

17. United States Department of Transportation Rules and Regulations applied to Defendant Swift Transportation at the time of the collision.

18. The Federal Motor Carrier Safety Administration Rules and Regulations applied to Defendant Felker at the time of the collision.

19. The Federal Motor Carrier Safety Administration Rules and Regulations applied to Defendant Swift Transportation at the time of the collision.

20. Colorado traffic rules and regulations applied to Defendant Felker at the time of the collision.

21. Colorado traffic rules and regulations applied to Swift Transportation at the time of the collision.

22. Prior to the collision, Plaintiff was traveling in the number 1 lane Northbound on North Central.

23. Prior to the collision, Defendant Felker was driving in the number 2 turn lane going Northbound on North Central.

24. At the time of the collision, Defendant Felker drove into Plaintiff's lane.

25. After the impact, Defendant Felker did not stop as required by law.

26. Defendant Felker continued North on North Central Park Boulevard.

27. Defendant Felker fled the scene of the crash.

28. Defendant Felker did not stop to provide the necessary information required by State Law.

29. Defendant Felker participated in a Hit and Run.

30. The crash would not have occurred but for Defendant Felker's negligent conduct.

31. As a result of the collision, the side of Plaintiff's 2017 Volkswagen. sustained damage.

32. The Denver Police Department responded to the collision.

33. Joshua Y Yballa, an officer with the Denver Police Department, investigated the collision.

34. Officer Yballa prepared the Traffic Accident Report for the collision.

35. Officer Yballa determined that Defendant failed to drive in a single lane.

36. Officer Yballa determined that Defendant violated C.R.S. § 42-4-1007, Failed to Drive in a Single Lane.

37. Officer Yballa issued a citation to Defendant for violating C.R.S. § 42-4-1007, Failed to Drive in a Single Lane.

38. Officer Yballa was not able to serve the citation since Defendant Felker was not present.

39. Defendant Felker failed to drive in a single lane.

40. Defendant Felker drove carelessly.

41. Defendant's careless driving caused bodily injury.

42. Defendant Felker violated C.R.S. § 42-4-1007, Failed to Drive in a Single Lane.

43. Defendant Felker should have been driving safely.

44. Defendant Felker failed to drive safely.

45. Defendant Felker should have been paying attention.

46. Defendant Felker failed to pay attention.

47. Defendant Felker failed to avoid causing a collision.

48. As a driver licensed in the State of Colorado, Defendant Felker was supposed to exercise a degree of care and caution which a reasonable and prudent person would have exercised under the same or similar circumstances.

49. Defendant Felker failed to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar circumstances.

50. Defendant Felker's conduct was negligent.

51. Plaintiff was not negligent at the time of the collision.

52. Plaintiff could not have avoided the collision.

53. Defendant Felker is at fault for causing the collision.

54. Defendant Felker is solely responsible for causing the collision.

55. At all relevant times, Defendant Felker had an obligation to keep a careful lookout for other traffic on the roadway.

56. At all relevant times, Defendant Felker had an obligation to see what was plainly visible.

57. At the time of the collision, Defendant Felker was required to follow all traffic rules and regulations in effect.

58. At the time of the collision, Defendant Felker operated the Kenworth Truck in disregard for the traffic regulations then in effect.

59. Defendant Felker's unreasonable acts immediately prior to the collision were in violation of his duty of reasonable care to Plaintiff Moore.

60. Defendant Felker's unreasonable acts immediately prior to the collision were in violation of his duty of reasonable care to other drivers on the road.
61. Defendant Felker's unreasonable conduct immediately prior to the time of the collision was sufficient to cause and did cause injury to Plaintiff Moore.
62. No third party contributed to this collision.
63. Upon impact, and as a result of the collision, Plaintiff sustained damage and injuries.
64. Plaintiff's injuries, losses, and damages were caused by Defendant Felker's negligence.
65. Plaintiff has not failed to mitigate her damages.

### FIRST CLAIM FOR RELIEF
**(Negligence against Defendant Gary Felker)**

66. Plaintiff incorporates all prior allegations as though fully set forth herein, verbatim.
67. The collision involving Plaintiff was caused by the negligence of Defendant Felker.
68. Defendant Felker had a duty to drive his vehicle with reasonable care under the circumstances then existing.
69. Defendant Felker owed a duty of reasonable care to his fellow drivers, including Plaintiff.
70. Defendant Felker breached his duty of care as more fully described above.
71. As a direct, proximately, and foreseeable result of Defendant Felker's negligence, Plaintiff suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanency and/or impairment in amounts to be determined at the time of trial.

### SECOND CLAIM FOR RELIEF
**(Negligence *Per Se* against Defendant Gary Felker)**

72. Plaintiff incorporates all prior allegations as though fully set forth herein, verbatim.
73. In the course of the motor vehicle collision described *supra*, Defendant violated C.R.S. § 42-4-1007, Failed to Drive in a Single Lane.
74. In the course of the motor vehicle collision described *supra*, Defendant violated

        C.R.S. § 42-4-1603, Hit and Run.

75. Plaintiff is a member of the class of persons which the aforementioned statue was intended to protect.

76. The purpose of the aforementioned statute is to protect against the type of injuries, losses, or damages that Plaintiff sustained.

77. The above-described actions of Defendant Felker constitute negligence *per se*.

78. As a direct, proximate, and foreseeable result of Defendant Felker's negligence per se, Plaintiff suffered injuries and damages more fully described *supra*.

### THIRD CLAIM FOR RELIEF
*(Respondeat Superior Against Swift Transportation Co. of Arizona, LLC)*

1. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

2. Upon information and belief, at all times relevant, Defendant Felker was employed by and was acting within the course and scope of his employment, or had some other agency relationship, with Swift Transportation.

3. Pursuant to the doctrine of *respondeat superior*, Defendant Swift Transportation is legally liable and responsible for the acts and omissions of its employee, Defendant Felker which occurred while he was acting within the course and scope of his employment with Defendant Swift Transportation and is therefore legally liable and responsible for the injuries, damages and losses sustained by Plaintiff.

4. As a direct, proximate and foreseeable result of the negligence of Defendant Felker for which Defendant Swift Transportation is vicariously liable, Plaintiff suffered injuries, damages and losses as more fully described above.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment against Defendants and in her favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and other relief this Court deems just and proper.

Respectfully, submitted on April 12, 2023

                                            FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                             */s/ Jennifer Torres*

Jennifer Torres, Reg. No. 48842  
COUNSEL FOR PLAINTIFF

**Plaintiff's Address:**
4328 Del Rio Court
Denver, Colorado 80239

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by this parties or the Court upon request.*